SENTENCIA
Comparece ante nos la Junta de Planificación de Puerto Rico et al., y nos solicita que revoquemos una Resolución emitida por el Tribunal de Apelaciones el 16 de diciembre *1049 de 2011. Mediante esta, el foro apelativo intermedio de-claró “ha lugar” una Moción en Auxilio de Jurisdicción pre-sentada por Iniciativa para un Desarrollo Sustentable (en adelante I.D.S. o los recurridos), lo cual tuvo el efecto de paralizar todo procedimiento administrativo en cuanto a la solicitud y concesión de permisos de desarrollo o construc-ción en el área conocida como la Reserva Natural del Co-rredor Ecológico del Noreste (en adelante R.C.E.N.).
Evaluada la controversia entre las partes, resolvemos que el Tribunal de Apelaciones erró al declarar “ha lugar” la Moción en Auxilio de Jurisdicción presentada por I.D.S. ante ese foro. Ello, toda vez que la referida moción no cum-plió con los estándares jurisprudenciales necesarios para emitir una Orden de Paralización en Auxilio de Jurisdic-ción Apelativa.
i — I
El Corredor Ecológico del Noreste (en adelante C.E.N.) es una zona de terrenos que consta de una superficie aproximada de tres mil cincuenta y siete (3,057) cuerdas de terreno entre los municipios de Fajardo y Luquillo. Por años varias agencias federales y estatales han reconocido esta zona como de alto valor ambiental para Puerto Rico.
La controversia del caso de autos tiene su génesis espe-cíficamente luego de la aprobación de la Orden Ejecutiva OE-2007-37 el 4 de octubre de 2007, en la cual se le ordenó a la Junta de Planificación de Puerto Rico (en adelante J.P.) a establecer la Reserva Natural del C.E.N. (en ade-lante R.C.E.N.) y al Departamento de Recursos Naturales y Ambientales (en adelante D.R.N.A.) a adquirir los terre-nos que componen esa área.
De acuerdo con esa Orden, la J.P. emitió el 6 de febrero de 2008 la Resolución PU-02-24(23) mediante la cual se creó, designó y delimitó la R.C.E.N. Esta Resolución fue posteriormente aprobada el 24 de abril de 2008 mediante *1050 la Orden Ejecutiva OE-2008-22. Debido a ciertos defectos procesales y errores de notificación durante el proceso de adopción, el 21 de octubre de 2009, la J.P. dejó sin efecto la referida Resolución.
Días después, el 30 de octubre de 2009, el Gobernador de Puerto Rico, Hon. Luis G. Fortuño Burset, emitió la Orden Ejecutiva OE-2009-42 que ordenó a la J.P. designar un Area de Planificación Especial del C.E.N. (A.P.E.C.E.N.) la cual debía incluir en su interior una re-serva natural. También se revocó la Orden Ejecutiva OE-2007-37 y se le ordenó a la J.P. que considerara las reco-mendaciones del D.R.N.A. en cuanto a los terrenos que se debían proteger, conservar o restaurar para la eventual creación de la reserva natural dentro del A.P.E.C.E.N. Por último, se le ordenó a la J.P. que adoptara un Plan de Usos y Reglamento de Calificación Especial para el área, con el propósito de lograr un adecuado balance entre la protec-ción del ambiente y el desarrollo ecoturístico de la región.
Luego de varios incidentes, el 18 de enero de 2011 se publicaron anuncios de vista pública sobre la propuesta de adopción de un Plan y Reglamento sobre los terrenos en controversia. Posteriormente, varios ciudadanos e I.D.S. enviaron comunicaciones escritas a la J.P. en las cuales solicitaron que se suspendiera y pospusiera la vista pública anunciada. Consideradas las comunicaciones, el 4 de fe-brero de 2011, la J.P. las declaró “no ha lugar” y determinó que la vista pública se celebraría a las 10:00am del día siguiente.
La Leda. Rosalía Cruz Niemiec presidió la vista. Du-rante la audiencia se documentó el registro de visitantes y la cantidad de deponentes. El 30 de marzo de 2011, la li-cenciada Cruz Niemiec rindió su informe, el cual incluyó un análisis de comentarios recibidos durante la vista pública.
Así las cosas, el 13 de abril de 2011, la J.P. presentó ante la Oficina de Gerencia de Permisos (en adelante O.G.Pe.) *1051 una Solicitud de Determinación de Cumplimiento Ambien-tal Vía Exclusión Categórica sobre el propuesto Plan y Re-glamento para el A.P.E.C.E.N. Dicha solicitud fue apro-bada por la O.G.Pe.
Posteriormente, el 16 de mayo de 2011, la J.P. emitió la Resolución Número PU-002-CEN-24(23) en la cual adoptó la designación del A.P.E.C.E.N. y, entre otras cosas, adoptó el Plan y Reglamento de Calificación Especial para esa zona. El 28 de junio de 2011, el Gobernador de Puerto Rico emitió la Orden Ejecutiva OE-2011-026 mediante la cual aprobó la acción de la J.P. por cumplir con la política pú-blica establecida mediante la anterior Orden Ejecutiva.
Inconforme con todo este proceder administrativo, la parte recurrida de epígrafe presentó el 28 de julio de 2011 un recurso de revisión judicial ante el Tribunal de Apelaciones. En este cuestionó la conducta de las agencias concernidas, particularmente en cuanto a la determinación de cumplimiento ambiental mediante exclusión categórica.
Luego de varios trámites procesales, el 7 de noviembre de 2011, I.D.S. presentó una Moción en Auxilio de Jurisdic-ción ante el foro apelativo intermedio en la cual solicitó la paralización de todo trámite relacionado a la solicitud de permisos, licencias y/o autorizaciones de cualquier índole dentro de los terrenos de la R.C.E.N. Argumentó, escueta-mente, que se sufriría un irreparable daño ambiental si no se paralizaban los procedimientos antes descritos. El 9 de noviembre de 2011, la J.P. se opuso a la referida moción.
Posteriormente, el Tribunal de Apelaciones declaró “con lugar” la moción que presentó I.D.S. el 16 de diciembre de 2011. Cónsono con esto, emitió una Orden de Paralización de todo trámite administrativo en cuanto a los terrenos del R.C.E.N. mientras ese foro apelativo dilucidaba los méritos del caso de autos.
Inconformes, la J.P. recurrió mediante recurso de certio-rari ante este Tribunal el 17 de enero de 2012 y argumentó la comisión del siguiente error:
*1052 Erró el Tribunal de Apelaciones al paralizar todo trámite ad-ministrativo relacionado a la solicitud de concesión de permi-sos de desarrollo y lo construcción de terrenos presente o fu-tura, mientras se dilucida la presente causa, en el área comprendida en la llamada reserva natural del corredor eco-lógico del noreste (CEN) de 2008 incluida en el APEGRN tras la adopción de la Resolución P4-002-CEN-24(23) por la Junta de Planificación, mientras dilucida el Recurso de Revisión que fue presentado ante sí. Petición de certiorari, pág. 2.
La J.P. acompañó el recurso con una Moción en Auxilio de Jurisdicción en la cual planteó que se afectaría el inte-rés público con la paralización de los procedimientos admi-nistrativos dentro del R.C.E.N., y que mediante el recurso de certiorari presentaba un caso con altas probabilidades de prevalecer en los méritos. Atendida la moción, el 19 de enero de 2012 procedimos a declararla “ha lugar”, dejando sin efecto la Orden de Paralización emitida por el Tribunal de Apelaciones. A su vez, emitimos a la parte recurrida de epígrafe una Orden para que mostrara causa por la cual no debíamos revocar la Resolución del foro apelativo intermedio.
I.D.S. ha comparecido y, contando con el beneficio de los escritos de amicus curiae presentados por el Colegio de Ar-quitectos y Arquitectas Paisajistas de Puerto Rico, la So-ciedad Puertorriqueña de Planificación, el Reverendo Edward Rivera Santiago y el Monseñor Eusebio Ramos Morales, estamos en posición de resolver sin ulterior trá-mite y conforme intimado.
1 — I { — I
Como hemos discutido recientemente, una moción en auxilio de jurisdicción “es, en esencia, un llamado a la uti-lización del poder inherente que tiene todo tribunal para constituir los remedios necesarios que hagan efectiva su jurisdicción y que eviten fracasos en la administración de la justicia”. García López y otros v. E.L.A., 185 D.P.R. 371, 377 (2012). Por ende, se trata de un mecanismo que va *1053 dirigido a la discreción de los tribunales para proveer re-medios en equidad similares al entredicho provisional y al injunction preliminar. Pantoja Oquendo v. Mun. de San Juan, 182 D.P.R. 101, 109 (2011).
Es indudable la facultad de los tribunales apelativos en nuestro ordenamiento para emitir órdenes en equidad como producto de una moción en auxilio de jurisdicción. Por eso, la Regla 79 del Tribunal de Apelaciones en su in-ciso (A) establece, que:
(A) Para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí, el Tribunal de Apelaciones podrá expedir cualquier orden provisional, la cual será obligatoria para las partes en la acción, sus oficiales, agentes, empleados(as) y abogados(as), y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación. 4 L.P.R.A. Ap. XXII-B.([1])
En cuanto a la utilización de este mecanismo extraordi-nario, hemos establecido claramente que el remedio que ofrece esta Regla es “excepcional de trascendental impor-tancia en casos donde existan situaciones de verdadera urgencia”. (Énfasis suplido.) Marrero v. Dolz, 142 D.P.R. 72, 73 (1996). Es por eso que “al invocar la facultad discre-cional de los tribunales apelativos, no se puede utilizar este remedio para casos o situaciones que no conlleven el nivel de importancia adecuado”. García López y otros v. E.L.A., supra, pág. 8.
*1054 Ello tiene que ser así, ya que el uso inadecuado de las mociones en auxilio de jurisdicción afecta injustificada-mente el funcionamiento interno de los tribunales apelati-vos, “lo cual tiene un efecto detrimental en la administra-ción expedita de la justicia”. Marrero v. Dolz, supra, pág. 73. Es por eso que hemos establecido que los abogados que utilicen de manera inadecuada o abusiva las mociones en auxilio de jurisdicción estarán sujetos a la imposición de sanciones. García López y otros v. E.L.A., supra, pág. 10.
Por otra parte, la presentación de una moción en auxilio de jurisdicción también le impone ciertas obligaciones al Tribunal de Apelaciones. Si la situación planteada en la moción es de verdadera urgencia, el Tribunal de Apelacio-nes abusa de su discreción si no la atiende con la celeridad y premura debida. Véase Pantoja Oquendo v. Mun. de San Juan, supra, pág. 114. Incide también el foro apelativo in-termedio si concede términos a las partes para que se ex-presen en cuanto al remedio solicitado en una moción en auxilio de jurisdicción si con ello se crea un riesgo de con-vertir la controversia en académica o se fomenta un in-aceptable panorama de incertidumbre jurídica. García López y otros v. E.L.A., supra, pág. 16.
En cuanto a los remedios que puede constituir el Tribunal de Apelaciones en auxilio de jurisdicción se encuentran las órdenes de paralización. Desde Peña v. Federación de Esgrima de P.R., 108 D.P.R. 147, 154 (1978), establecimos que los foros apelativos pueden constituir esas órdenes a su discreción siempre y cuando la parte que lo solicita cum-pla con los requisitos siguientes: “(a) que el peticionario presente un caso fuerte de probabilidad de prevalecer en los méritos de la apelación; (b) que demuestre que a menos que se detenga la ejecución sufrirá [un] daño irreparable; (c) que ningún daño substancial se causará a las demás partes interesadas, y (d) que la suspensión de la sentencia no peijudica el interés público”. (Enfasis suplido.) Estos requisitos han sido recientemente reiterados por nuestra *1055 jurisprudencia. Véanse: García López y otros v. E.L.A., supra, pág. 12; Pantoja Oquendo v. Mun. de San Juan, supra, pág. 109; Plaza Las Américas v. N & H, 166 D.P.R. 631, 642-643 (2005).
III
Según el análisis que antecede, pasamos a determinar si la Moción en Auxilio de Jurisdicción presentada por I.D.S. ante el Tribunal de Apelaciones cumplió con estos requisitos jurisprudenciales.
De una simple lectura de la moción presentada podemos constatar que no se cumplió con el requisito indispensable de demostrar que, de no paralizar los procedimientos ad-ministrativos dentro del área del C.E.N., I.D.S. sufriría un daño irreparable. Nos explicamos.
A través de cinco (5) párrafos, los recurridos presenta-ron unas alegaciones en el vacío sobre el daño que sufriría el medio ambiente en el área del C.E.N. si se comenzaba con el proceso de meras solicitudes de Consultas de Ubica-ción y Permisos de Desarrollo o Construcción. No se hace mención en cuanto a algún permiso ya aprobado o cuya aprobación sea inminente. Tampoco se presentó evidencia o alegación en cuanto a presentes construcciones en el área del C.E.N.
Lo que sí incluyó la Moción en Auxilio de Jurisdicción presentada ante el Tribunal de Apelaciones fueron alega-ciones generales sobre “el alto interés de diversos interesa-dos en utilizar y explotar los terrenos valiosos del CEN, lo cual se evidencia por el largo historial de proyectos...”([2]) que los recurridos mencionan en sus escritos. No obstante, no se colocó el foro apelativo intermedio en posición de dilucidar si ese alegado historial de interés por desarrollar proyectos en el área del C.E.N. se traducía a un daño irre *1056 parable inminente que conllevara la necesidad de una or-den de paralización de procedimientos administrativos.
Como hemos visto, las órdenes de paralización que se pueden conceder a consecuencia de una moción en auxilio de jurisdicción apelativa solo están disponibles para situa-ciones de verdadera urgencia. Al igual que en otras áreas del Derecho, no podemos permitir que el concepto “daño irreparable” incluido entre los factores a considerar para emitir una orden de paralización se convierta en un “inge-nioso ejercicio académico de lo concebible”. Véanse: Lujan v. Defenders of Wildlife, 504 U.S. 555, 566 (1992), citando a United States v. SCRAP, 412 U.S. 669, 688 (1973).
Al no cumplir con uno de los requisitos jurisprudencia-les necesarios para la emisión de una Orden de Paraliza-ción, el Tribunal de Apelaciones erró al declarar “con lu-gar” la Moción en Auxilio de Jurisdicción presentada por I.D.S. ante ese foro. Los requisitos expuestos en Peña v. Federación de Esgrima de P.R., supra, y confirmados en Pantoja Oquendo v. Mun. de San Juan, supra, y García López y otros v. E.L.A., supra, no son guías discrecionales, sino elementos constitutivos que deben ser analizados en conjunto para determinar si la solicitud en auxilio de juris-dicción es meritoria.
Conforme discutido, en el caso de autos, I.D.S. no pudo articular la existencia de un daño irreparable que ameri-tara la concesión de una Orden de Paralización de los pro-cedimientos administrativos de Consultas de Ubicación, Permisos de Desarrollo o Construcción. Como mucho, sus alegaciones son prematuras. Por esa razón incidió el Tribunal de Apelaciones al emitir una Resolución en la que ordenó la paralización de estos procedimientos.
IV
Por los fundamentos que anteceden, se expide el auto de “certiorari” y se declara “ha lugar”. Por ende, se revoca la *1057 Resolución del Tribunal de Apelaciones de 16 de diciembre de 2011. A tales efectos, se devuelve el caso al Tribunal de Apelaciones para que atienda los méritos del recurso de revisión presentado por la parte recurrida de epígrafe ante ese foro.
Lo acordó y ordena el Tribunal y lo certifica la Secreta-ria del Tribunal Supremo. El Juez Presidente Señor Her-nández Denton disintió sin opinión escrita. La Jueza Aso-ciada Señora Fiol Matta emitió una opinión disidente, a la cual se unió la Juez Asociada Señora Rodríguez Rodríguez.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

— O —

(1) Este Tribunal también está facultado para expedir órdenes en auxilio de su jurisdicción apelativa. A tales efectos, la Regla 28 de este establece que:
“(a) El Tribunal podrá expedir una orden provisional en auxilio de su jurisdic-ción cuando sea necesario hacer efectiva su jurisdicción en un asunto pendiente ante su consideración.
“A los fines de esta regla, se entenderá que el tribunal atenderá, sin sujeción al trámite ordinario, cualquier asunto relacionado con el recurso presentado o pen-diente para evitar alguna consecuencia adversa que afecte su jurisdicción o que pueda causar un daño sustancial a una parte mientras resuelve el recurso”. 4 L.P.R.A. Ap. XXI-B.
Para un estudio sobre el linaje basado en principios de equidad sobre la figura de las mociones en auxilio de jurisdicción, véase García López y otros v. E.L.A., 185 D.P.R. 371 (2012).

(2) Véase Apéndice de la Petición de certiorari, pág. 126.